**UNITED STATES ex rel. GOGOYEWICZ v. FLYNN, District Director of Immigration.**

District Court, W. D. New York. February 3, 1927.

Aliens ☞53—Alien sentenced for crime within five years after entry held subject to deportation (Immigration Act, § 19 [8 USCA § 155]).

Order for deportation under Immigration Act, § 19 (8 USCA § 155), of alien who, within five years after his re-entry from a temporary absence from the United States, was sentenced to imprisonment for more than a year for a crime involving moral turpitude, *held* to have been made after fair hearing, and affirmed.

Habeas Corpus. Petition by the United States, on the relation of Frank Gogoyewicz, against William Flynn, District Director of Immigration, for writ of habeas corpus. Denied.

Michael A. Crage, of Buffalo, N. Y., for relator.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Henry McK. Erb, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge: In this case, in 1910, the alien landed in New York from Austria, ticketed through to Montreal, where he was domiciled for two years, and in 1913 he surreptitiously came to Buffalo, via Detroit, without examination or inspection by the immigration authorities. On July 4, 1921, he left the United States and went to Niagara Falls, Ontario, for a temporary stay. In December, 1921, he was convicted of rape, second degree, and placed on probation; sentence being suspended, because of his marriage to the woman he had assaulted. Afterwards, on April 3, 1925, he was apprehended for violation of his parole on a charge brought against him by his wife for nonsupport, and sentenced to Auburn prison for not less than 1½ years and not more than 3 years. He is 28 years of age. His wife is a native American, and his two children were born here. He testified that he had contributed to the support of his family, but that at the time of his examination he was out of employment.

The warrant of deportation charges a violation of the Immigration Act of February 5, 1917, § 19 (8 USCA § 155), in that he was likely to become a public charge at the time of his entry, and that he had been sentenced to imprisonment for a term of one year or more for a crime involving moral turpitude, within 5 years after his re-entry into the United States. He has had a fair hearing, and the warrant of deportation must be sustained, but, in view of the circumstances, I direct a stay of 30 days, after entry of the order dismissing the writ, to enable him (should he desire to do so) to apply to the Governor for a pardon of his offense, upon which deportation is based, or, in the alternative, that his temporary visit to Canada be demitted by the Secretary of Labor, if the rules of the department so permit.

The writ is dismissed.